# CHRIS DANIEL
# HARRIS COUNTY DISTRICT CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
3/4/2015 6:25:34 PM
CHRISTOPHER A. PRINE
Clerk

**DATE: FEB. 27, 2015**

**NOTICE OF APPEALS**

**ASSIGNMENT OF COURT THE COURT OF APPEALS**

**TO:       14TH  COURT OF APPEALS**

**From:     Deputy Clerk: PHYLLIS WASHINGTON**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:  2014-71757                    125THRD DISTRICT COURT**

**VOLUME _____  PAGE _____     OR     IMAGE # 63564344**

**DUE DATE:  03-09-15                   ATTORNEY TBN #24007628**

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE  14TH**

**DATE ORDER SIGNED:     2-12-15**

**MOTION FOR NEW TRIAL/REQUEST FOR FINDINGS OF FACT; DATE: FILED   NONE**

**REQUEST TRANSCRIPT DATE FILED     2-26-15**

**NOTICE OF APPEAL DATE FILED        2-25-15**

**NUMBER OF DAYS: ( CLERKS RECORD )  10**

**FILE ORDERED:  YES ☐    NO ☒    IMAGED FILED:   YES ☒  NO ☐**

**CODES FOR NOTICE OF APPEAL:  BC , C, O**

CHRIS DANIEL
Harris County, District Clerk

By:   /s/PHYLLIS WASHINGTON
**PHYLLIS WASHINGTON, Deputy**

| | |
|---|---|
| BC | NOTICE OF APPEAL FILED |
| BG | NOTICE OF APPEAL FILED – GOVERNMENT |
| C | JUDGMENT BEING APPEALED |
| D - | ACCELERATED APPEAL |
| OA | NO CLERK'S RECORD REQUEST FILED |
| O | CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL) |
| NA | AMENDED NOTICE OF APPEAL |

## CAUSE NO. 2014-71757

| | | |
|---|---|---|
| MULTI-SHOT, LLC<br>d/b/a MS ENERGY SERVICES, | § <br> § <br> § | IN THE DISTRICT COURT |
| Plaintiff, | § <br> § <br> § | |
| v. | § <br> § | HARRIS COUNTY, TEXAS |
| TRAVIS RAYMOND SMITH and<br>CORE DIRECTIONAL SERVICES,<br>LLC, | § <br> § <br> § <br> § | |
| Defendants. | § | 125TH JUDICIAL DISTRICT |

### DEFENDANTS TRAVIS RAYMOND SMITH AND
### CORE DIRECTIONAL SERVICES, LLC'S NOTICE OF APPEAL

Notice is hereby given that Defendants Travis Raymond Smith ("Smith") and Core Directional Services, LLC ("Core") (collectively, "Defendants") hereby appeal from the Temporary Injunction Order signed February 6, 2015, and Revised Temporary Injunction Order the February 12, 2015 (collectively, the "Temporary Injunction Orders"), and all adverse interlocutory rulings related thereto or merged into those findings and orders.

The Temporary Injunction Orders were signed in Cause No. 2014-71757, *Multi-Shot, LLC d/b/a MS Energy Services v. Travis Raymond Smith and Core Directional Services, LLC*, in the 125th Judicial District Court of Harris County. The appeal will be to the Fourteenth Court of Appeals.

Respectfully submitted,

/s/ Michael A. McCabe

**Michael A. McCabe**
mmccabe@munckwilson.com
Texas State Bar No. 24007628
**S. Wallace Dunwoody**
wdunwoody@munckwilson.com
Texas State Bar No. 24040838
**Virginia E. Milton**
vmilton@munckwilson.com
Texas State Bar No. 24079338
**Jeffrey S. Carona**
jcarona@munckwilson.com
Texas State Bar No. 24082781
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**COUNSEL FOR DEFENDANTS/**
**COUNTER-PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of February, 2015, a true and correct copy of the foregoing instrument was served, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, upon all counsel of record:

Richard W. Staff
J. Michael Rose
Jeffrey M. McPhaul
David M. Gregory
rstaff@lockelord.com
mrose@lockelord.com
jmcphaul@lockelord.com
dgregory@lockelord.com
LOCKE LORD, LLP
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

/s/ Michael A. McCabe

Michael A. McCabe

## CAUSE NO. 2014-71757

| | | |
|---|---|---|
| MULTI-SHOT, LLC<br>d/b/a MS ENERGY SERVICES, | §<br>§<br>§ | IN THE DISTRICT COURT |
| Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| TRAVIS RAYMOND SMITH and<br>CORE DIRECTIONAL SERVICES,<br>LLC, | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | 125TH JUDICIAL DISTRICT |

### DEFENDANTS TRAVIS RAYMOND SMITH AND
### CORE DIRECTIONAL SERVICES, LLC'S AMENDED NOTICE OF APPEAL

Notice is hereby given that Defendants Travis Raymond Smith ("Smith") and Core Directional Services, LLC ("Core") (collectively, "Defendants") hereby appeal from the Temporary Injunction Order signed February 6, 2015, and Revised Temporary Injunction Order the February 12, 2015 (collectively, the "Temporary Injunction Orders"), and all adverse interlocutory rulings related thereto or merged into those findings and orders.

The Temporary Injunction Orders were signed in Cause No. 2014-71757, *Multi-Shot, LLC d/b/a MS Energy Services v. Travis Raymond Smith and Core Directional Services, LLC*, in the 125th Judicial District Court of Harris County. The appeal will be to the Fourteenth Court of Appeals. The appeal is of an interlocutory order and will be accelerated. This is not a restricted appeal, and is not a parental-termination case or a child-protection case. The appellants are not presumed indigent.

Respectfully submitted,

/s/ Michael A. McCabe
**Michael A. McCabe**
mmccabe@munckwilson.com
Texas State Bar No. 24007628
**S. Wallace Dunwoody**
wdunwoody@munckwilson.com
Texas State Bar No. 24040838
**Virginia E. Milton**
vmilton@munckwilson.com
Texas State Bar No. 24079338
**Jeffrey S. Carona**
jcarona@munckwilson.com
Texas State Bar No. 24082781
**MUNCK WILSON MANDALA, LLP**
12770 Coit Road, Suite 600
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

**COUNSEL FOR DEFENDANTS/
COUNTER-PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of February, 2015, a true and correct copy of the foregoing instrument was served, in accordance with the TEXAS RULES OF CIVIL PROCEDURE, upon all counsel of record:

Richard W. Staff
J. Michael Rose
Jeffrey M. McPhaul
David M. Gregory
rstaff@lockelord.com
mrose@lockelord.com
jmcphaul@lockelord.com
dgregory@lockelord.com
LOCKE LORD, LLP
2800 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002

/s/ Michael A. McCabe
Michael A. McCabe

2/10/2015 5:15:31 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4099339
By: TORRES, MELISSA D
Filed: 2/10/2015 5:15:31 PM

## CAUSE NO. 2014-71757

| | | |
|---|---|---|
| MULTI-SHOT, LLC d/b/a MS ENERGY SERVICES, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| TRAVIS RAYMOND SMITH and CORE DIRECTIONAL SERVICES, LLC, | § § § § § | |
| Defendants. | § § | 125ᵗʰ JUDICIAL DISTRICT |

### REVISED TEMPORARY INJUNCTION ORDER

On this the _____ day of February 2015, after considering the application for temporary injunction of Plaintiff, Multi-Shot, LLC d/b/a MS Energy Services ("MS Energy"), the pleadings, the evidence, and the arguments of counsel for MS Energy and Defendants Travis Raymond Smith ("Smith") and Core Directional Services, LLC's ("Core") (collectively referred to as "Defendants") and all other matters properly before it, the Court finds that MS Energy's Application for Temporary Injunctive Relief is well-taken and the Court is of the opinion that MS Energy's request for Temporary Injunctive Relief should be GRANTED.

The Court finds that there is credible evidence that:

a. There is a reasonable probability that Plaintiff will establish that Defendant Smith breached his Employment Agreement with MS Energy ("Employment Agreement") because:

1. during his employment with MS Energy, Smith, directly or indirectly, disclosed or used MS Energy's Confidential Business Information, in violation of Section 5.3 of the Employment Agreement;

2. during his employment with MS Energy, Smith, directly or indirectly, (1) competed with MS Energy and (2) provided services, assistance, and support to another person or entity (business partner Matthew Neyland and the entity referred to as of May 31, 2014 as Core Directional Services), and consulted and worked for another business or person (business partner Matthew Neyland and the entity referred to as of May 31, 2014 as Core Directional Services), that competes with MS Energy or that provides,

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

solicits or performs any goods or services in competition with MS Energy, in violation of Section 6.1 of the Employment Agreement;

3. during his employment with MS Energy, Smith, directly or indirectly, contacted MS Energy's customers with respect to products, business activities or services which are competitive with products, business, activities or services of MS Energy, in violation of Section 6.2 of the Employment Agreement;

4. during his employment with MS Energy, Smith, directly or indirectly, enticed, induced, solicited or influenced customers, employees, and independent contractors of MS Energy to discontinue, limit or reduce their affiliation with MS Energy or to refrain from entering into new business relationships with MS Energy, in violation of Section 6.3 of the Employment Agreement; and

5. during his employment with MS Energy, Smith failed to disclose and offer to MS Energy business opportunities Smith learned about during his employment with MS Energy (including the formation and planning of the entity referred to as of May 31, 2014 as Core Directional Services, and later formed, and Smith's efforts to seek investors for this entity) that were related to, or connected with, MS Energy's business, in violation of Section 7 of the Employment Agreement;

b. There is a reasonable probability that Defendant Smith owed a fiduciary duty to MS Energy, based on his status as an employee and agent of MS Energy. Based on the foregoing conduct identified above in paragraphs (a.)(1.) – (a.)(5.), as well as Smith's continued receipt, access, and use of MS Energy's confidential information and trade secrets, there is also a reasonable probability that Plaintiff will establish that Defendant Smith breached his fiduciary duties owed to MS Energy.

c. There is a reasonable probability that Smith made false, material representations of fact to MS Energy and omitted material facts in his statements to MS Energy when he had a duty to speak, based on previous representations, his status as a fiduciary, and the Employment Agreement. There is a reasonable probability that MS Energy relied on those statements and omissions by Smith to MS Energy's detriment. There is a reasonable probability that Plaintiff will establish that Defendant Smith defrauded MS Energy into not making an election under Section 6.4 of the Employment Agreement.

d. There is a reasonable probability that Smith is currently in breach of his Employment Agreement with MS Energy because:

1. Smith is currently, directly or indirectly, disclosing or using MS Energy's Confidential Business Information and has failed to return such Confidential Business Information in violation of Sections 5.3-5.4 of his Employment Agreement;

2. Smith is currently, directly or indirectly, competing with MS Energy; providing, selling and performing goods or services in competition with MS Energy; and providing services, assistance, support, goods or instruments to another person or entity (Defendant Core), that competes with MS Energy, in violation of Section 6.1 of his Employment Agreement;

2

3. Smith is currently, directly or indirectly, contacting MS Energy's customers with respect to products, business activities or services which are competitive with products, business, activities or services of MS Energy, in violation of Section 6.2 of the Employment Agreement; and

4. Smith is currently, directly or indirectly, hiring away MS Energy employees and enticing, inducing, soliciting or influencing MS Energy customers, employees, and independent contractors to discontinue, limit or reduce their affiliation with MS Energy or to refrain from entering into new business relationships with MS Energy, in violation of Section 6.3 of his Employment Agreement;

e. There is also a reasonable probability that Plaintiff will establish that Defendants have violated the Texas Uniform Trade Secrets Act. There is a reasonably probability that Plaintiff will show that Defendants:

1. acquired trade secrets of Plaintiff with knowledge of or reason to know that the trade secrets were acquired by improper means;

2. disclosed or used Plaintiff's trade secrets, without express or implied consent, and used improper means to acquire knowledge of the trade secret; or

3. disclosed or used Plaintiff's trade secrets, without express or implied consent, and at the time of disclosure or use, knew or had reason to know that Defendants' knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it, acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived from or through a person who owed a duty to Plaintiff to maintain its secrecy or limit its use.

f. There is a reasonable probability that Plaintiff will show that the information currently known to have been acquired by Defendants and in Defendants' possession is entitled to trade secret status under the Texas Uniform Trade Secrets Act, including, at minimum, Plaintiff's customer list, the revenues and financial data belonging to Plaintiff for such customers, Plaintiff's prices for such customers, including labor and equipment costs, the number of operational days for each customer, Plaintiff's pricing information and quote forms, the equipment utilized by Plaintiff for each customer, and information related to Plaintiff's customers, employees, contractors and personnel data;

g. Unless Defendants are immediately enjoined and ordered as set forth below, harm to Plaintiff is imminent and Plaintiff will be irreparably injured because Defendants will continue to:

1. unlawfully solicit Plaintiff's employees and contractors;

2. unlawfully solicit Plaintiff's customers and destroy Plaintiff's goodwill with such customers;

3. unlawfully use and disclose, or, at minimum, threaten such use or disclosure of, Plaintiff's proprietary, confidential information and trade secrets; and

3

4. interfere with and injure Plaintiff's business and contractual relationships with its employees, contractors, and customers;

h. If Defendants are not directed to take the actions ordered herein, Plaintiff will suffer irreparable injury in that it will lose the exclusive use of its trade secrets and other confidential and proprietary information, Defendants will make use of Plaintiff's trade secrets and confidential information to Plaintiff's detriment, Defendants will destroy goodwill developed by Plaintiff with its customers, Plaintiff will suffer monetary damages that are difficult if not impossible to quantify, Defendants will continue to unlawfully interfere with Plaintiff's business and contractual relationships with its employees and contractors, because Defendants are unable to identify which employees, contractors, and customers have already been improperly solicited by Defendants Plaintiff will continue to lose its good will with such employees, contractors, and customers, Defendants will destroy evidence of Defendants' unlawful activity, and Defendant agreed in Section 6.5 of the Employment Agreement that Plaintiff would not have an adequate remedy at law for a breach of Sections 5, 6, or 7 of the Employment Agreement;

i. Defendants will not be harmed if injunctive relief is granted because Defendants are merely being ordered to comply with the laws of the United States and the State of Texas by not using or disclosing confidential or proprietary information or trade secrets of another, by preserving evidence, and by not unlawfully interfering with the business and contractual relationships of another, and to comply with the obligations of a written contract to which Defendant Smith is a party; further, any harm to Defendants is outweighed by the potential harm to Plaintiff if the temporary injunction order is not granted.

***IT IS THEREFORE ORDERED*** that:

Defendants Travis Raymond Smith and Core Directional Services, LLC, their partners, principals, agents, employees, representatives, officers, servants, affiliates, assigns, successors, attorneys, and all persons in active concert or participation with Defendants or under Defendants' direction or control are restrained and enjoined from, directly or indirectly:

a. destroying or disposing of: any documents or information that are the property of MS Energy, including any proprietary, confidential and/or trade secret information of MS Energy; and any documents or information that evidence or reflect, or are in any way related or connected to, the solicitation of MS Energy's customers, the solicitation of MS Energy's employees and contractors, the interference with MS Energy's relationships with its customers, employees, and contractors, or the misappropriation or use of MS Energy's proprietary, confidential and/or trade secret information, by Defendants or those in active concert with Defendants, until the parties' agreement on an imaging protocol for particular computers and electronics;

4

b. hiring any additional current MS Energy employees, engaging the services of any additional current MS Energy contractors, or enticing, inducing, soliciting or influencing current MS Energy employees or independent contractors to discontinue, limit or reduce their affiliation with or services for MS Energy or to refrain from entering into new business relationships with MS Energy. "Current" means as of January 26, 2014;

c. performing <u>directional drilling, MWD, motor rental, or downhole survey</u> services for or otherwise enticing, inducing, soliciting or influencing to discontinue, limit or reduce their affiliation with MS Energy or to refrain from entering into new business relationships with MS Energy, the following customers that Smith dealt with or received confidential information about during his employment with MS Energy:

1. Pioneer Natural Resources Company;
2. Laredo Petroleum;
3. Marathon Oil Corporation; and
4. Atlas Resource Partners, L.P.;

<u>With respect to any ongoing services by Defendants that are prohibited as a result of Section C of the Court's ordered relief in the February 6, 2015 Order and now this Revised Order that replaces the February 6, 2015 Order, Defendants shall have until 11:59 PM, February 16, 2015, to stop operations and remove equipment and personnel from locations where they are performing such services.</u>

d. performing <u>directional drilling, MWD, motor rental, or downhole survey</u> services for or otherwise enticing, inducing, soliciting or influencing to discontinue, limit or reduce their affiliation with MS Energy or to refrain from entering into new business relationships with MS Energy, the customers identified on the April 2014 revenue sheet for MS Energy's customers produced by Defendants, identified in Exhibit A attached to and incorporated into this Order as if stated herein. <u>With respect to any ongoing services by Defendants that are prohibited as a result Section D of the Court's ordered relief in the February 6, 2015 Order and now this Revised Order that replaces the February 6, 2015 Order, Defendants shall have until 11:59 PM, February 16, 2015, to stop operations and remove equipment and personnel from locations where they are performing such services;</u>[1]

e. using, disclosing, receiving, transmitting or transferring MS Energy's proprietary, confidential, and trade secret information, including Plaintiff's customer list, the revenues and financial data belonging to Plaintiff for such customers, Plaintiff's prices for such customers, including labor and equipment costs, the number of operational days for each customer, Plaintiff's pricing information and quote forms, the equipment configurations utilized by Multi-Shot for each customer, information related to Plaintiff's personnel data, customer histories, specific customer needs and demands, customer prospects, cost information, employee and contractor lists, operating techniques and procedures for directional drilling, financial reports, and business plans and projections.

---

[1] The underlined language has been inserted into the paragraphs.

5

It is ORDERED that Defendants shall return to MS Energy's attorneys within seventy-two (72) hours of entry of this Temporary Injunction Order:

(a) any tangible property of MS Energy and any documents or information that are the information or property of MS Energy, including any information of or relating to: Plaintiff's customer list, the revenues and financial data belonging to Plaintiff for such customers, Plaintiff's prices for such customers, including labor and equipment costs, the number of operational days for each customer, Plaintiff's pricing information and quote forms, the equipment utilized for each customer, information related to Plaintiff's customers, employees, contractors and personnel data, customer histories, specific customer needs and demands, customer prospects, cost information, employee and contractor lists, operating techniques and procedures for directional drilling, financial reports, and business plans and projections, and (b) any copies or excerpts of this information regardless of the form;

IT IS ORDERED that this Order replaces the this Court's Temporary Injunction Order dated February 6, 2015;

IT IS ORDERED that this Order expires upon the completion of the trial on the merits of this matter;

IT IS ORDERED for the clerk to issue notice to the Parties that the trial on the merits for damages and Plaintiff's Application for Permanent Injunction is set for the 10th day of August, 2015, at 9:00 a.m.; and

The Court further ORDERS a bond in the amount of $250,000.00 by Plaintiff, Multi-Shot, LLC d/b/a MS Energy Services. The bond posted by Plaintiff, Multi-Shot, LLC d/b/a MS Energy Services, pursuant to the Court's Temporary Injunction Order dated February 6, 2015 satisfies the bond requirement under this Revised Temporary Injunction Order ("Order") and shall serve as the bond for this Revised Temporary Injunction Order.

SIGNED this 12 day of February, 2015.

_____
HONORABLE JUDGE
KYLE CARTER

AGREED AS TO FORM:[2]

*/s/ David M. Gregory*
David M. Gregory
Locke Lord, LLP
Counsel for Plaintiff


*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody
Munck Wilson Mandala, LLP
Counsel for Defendants

---

[2] Plaintiff maintains that there was nothing wrong with the prior Temporary Injunction Order and is merely attempting to be reasonable in agreeing to clarify the scope and effect of the order as requested by Defendants. Defendants maintain that the Temporary Injunction Order was improperly entered and reserve all rights to object to and appeal the order. The clarification of the original order by this revised order will not be used as a basis for seeking damages for a wrongful injunction.

## EXHIBIT A

1. Anadarko Petroleum Corporation;
2. Apache Corporation;
3. Atlas Resource Partners, L.P.;
4. Atlantic Petroleum & Mineral Resources, Inc.;
5. Chaparral Energy, Inc;
6. Chesapeake Energy;
7. Choice Exploration, Inc.;
8. ConocoPhillips Company;
9. Continental Resources, Inc.;
10. Hibernia Resources, LLC;
11. Highmount Exploration and Production, LLC;
12. Kinder Morgan, Inc.;
13. Marathon Oil Corporation;
14. Oasis Petroleum, Inc.;
15. Petromax Operating Company, Inc.;
16. PetroQuest Energy, Inc.;
17. Pioneer Natural Resources Company;
18. Range Resources Corporation;
19. Reliance Energy, Inc.;
20. RSP Permian, Inc.;
21. Statoil ASA;
22. Swift Energy Company;
23. Trans Energy, Inc.;
24. Unit Petroleum Company;
25. Valence Operating Company;
26. Vitruvian Exploration II, LLC; and
27. XTO Energy, Inc.

```
JURN7 (NSA#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    MAR 04, 2015(C1)
INT6510                   CIVIL CASE INTAKE              OPT: _____ - INT
                       GENERAL PARTY INQUIRY            PAGE:  1 -    2

CASE NUM: 201471757__ PJN> __  TRANS NUM: _____ CURRENT COURT: 125 PUB? _
CASE TYPE: DEBT/CONTRACT - FRAUD/MISREPRE  CASE STATUS: ACTIVE
STYLE: MULTI-SHOT LLC (D/B/A MS ENERGY S VS SMITH, TRAVIS RAYMOND
==============================================================================
                        **** ACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME            PTY    ASSOC. ATTY
  NUM    NUMBER                                        STAT
_      00011-0001 AGT          CORE DIRECTIONAL SERVICES, LLC
_      00010-0001 DEF          SMITH, TRAVIS RAYMOND
_      00009-0001 XDF 24007274 MULTI-SHOT, LLC D/B/A MS ENERG   GREGORY, DAVI
_      00008-0001 XPL 24007628 CORE DIRECTIONAL SERVICES LLC    MCCABE, MICHA
_      00007-0001 XPL 24007628 SMITH, TRAVIS RAYMOND            MCCABE, MICHA
_      00006-0001 AGT          CORE DIRECTIONAL SERVICES LLC
_      00005-0001 DEF          SMITH, TRAVIS RAYMOND
_      00004-0001 PLT 24007274 MS ENERGY SERVICES               GREGORY, DAVI

==> (11) CONNECTION(S) FOUND
1=INACTIVE   2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JURN7 (NSA#)      JUSTICE INFORMATION MANAGEMENT SYSTEM      MAR 04, 2015(C1)
INT6510                    CIVIL CASE INTAKE               OPT: _____  -  INT
                         GENERAL PARTY INQUIRY             PAGE:   2  -    2

CASE NUM: 201471757__ PJN> __  TRANS NUM: _____ CURRENT COURT: 125 PUB? _
CASE TYPE: DEBT/CONTRACT - FRAUD/MISREPRE  CASE STATUS: ACTIVE
STYLE: MULTI-SHOT LLC (D/B/A MS ENERGY S VS SMITH, TRAVIS RAYMOND
==============================================================================
                         **** ACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME            PTY    ASSOC. ATTY
  NUM    NUMBER                                        STAT
_     00003-0001 DEF 24007628 CORE DIRECTIONAL SERVICES LLC    MCCABE, MICHA
_     00002-0001 DEF 24007628 SMITH, TRAVIS RAYMOND            MCCABE, MICHA
_     00001-0001 PLT 24007274 MULTI-SHOT LLC (D/B/A MS ENERG   GREGORY, DAVI




==> (11) CONNECTION(S) FOUND
1=INACTIVE    2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```